IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALBERT VILLADOS, JR, #A4001148, | ) ) ) | CIV. NO. 13-00374 LEK/KSC |
| Petitioner, | ) ) | ORDER DENYING PETITION AND CERTIFICATE OF APPEALABILITY |
| vs. | ) ) | |
| TODD THOMAS, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

**ORDER DENYING PETITION AND CERTIFICATE OF APPEALABILITY**

Before the court is pro se petitioner Albert Villados, Jr.'s petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Because the Petition fails to state a cognizable claim for relief and its claims are not amenable to amendment, it is DISMISSED with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. A certificate of appealability is DENIED.

## I. BACKGROUND[1]

On December 2, 2009, Villados was convicted by a jury in the Circuit Court of the Second Circuit, State of Hawaii (circuit court), of Promoting A Dangerous Drug in the Second Degree (Count 1), and Prohibited Acts Related to Drug

---

[1] These details are taken from the Petition and its exhibits, and from the unpublished decisions in Villados' state criminal case, CR. No. 08-1-0115. *See Hawaii v. Villados*, No. SCWC-30442, 2012 WL 4092485 (Haw. Sept. 17, 2012); 2012 WL 3262752 (Haw. Jul. 20, 2012); 2011 WL 5909631 (Haw. App. Nov. 28, 2011).

Paraphernalia (Count 2).[2]  The Notice of Entry of Judgment of

Conviction and Sentence was filed on April 15, 2010.  Villados'

appellate counsel timely appealed, raising four points of error:

> 1.  The Circuit Court abused its discretion
> in admitting testimony regarding Villados's
> prior bad acts;
>
> 2. The Circuit Court erred in admitting the
> hearsay testimony of Villados's post-arrest
> statements;
>
> 3. Absent the inadmissible prior bad act and
> hearsay evidence, there was insufficient
> evidence to support Villados's convictions;
> and
>
> 4. The Circuit Court's consecutive term
> sentences, with a potential maximum term of
> thirty-five years of incarceration, violated
> Villados's right to a jury trial and his due
> process rights where the court knew of the
> State's plea offer and allegedly imposed a
> significantly harsher sentence upon Villados
> because he exercised his right to a jury
> trial.

Ex. B, Summary Disposition Order, ECF No. 1-2.

On November 28, 2011, the Hawaii Intermediate Court of

Appeals ("ICA") affirmed the circuit court's judgment.  Villados

requested his appellate attorney to file an application for writ

of certiorari to the Hawaii Supreme Court.  After reviewing the

ICA decision and finding no basis for seeking certiorari,

Villados's attorney refused to file a petition for certiorari and

told him that, if he disagreed and felt that her decision

---

[2] In violation of Haw. Rev. Stats. §§ 712-1242(1)(b)(i) and
329-43.5(a) (Supp. 2010).

constituted ineffective assistance of counsel, he should file a post-conviction petition under Hawaii Rules of Penal Procedure 40. *See* Letter, Ex. H, ECF No. 1-8 (dated February 15, 2011).

Judgment on appeal was entered on January 4, 2012. *See* Order, Ex. C, ECF No. 1-3. Approximately six months later, Villados submitted a pro se application for certiorari, a "Motion for Relief From Default and Permission to File a Writ of Certiorari," and a motion for appointment of counsel in the Hawaii Supreme Court. Ex. I, J, K, ECF Nos. 1-9 to 1-11. These documents were signed on June 12, 2012, and electronically filed on June 18, 2012. *Id.* On July 20, 2012, the Hawaii Supreme Court dismissed Villados' certiorari petition as untimely and denied Villados' motions. *See* Exs. C and D, ECF Nos. 1-3, 1-4; see also Haw. R. App. P. 40.1.[3]

On or about September 6, 2012, Villados wrote a letter to the Hawaii Supreme Court requesting an extension of time to seek reconsideration. *See Hawaii v. Villados*, No. SCWC-30442, 2012 WL 4092485 (Haw. Sept. 17, 2012). The Hawaii Supreme Court construed the letter as a motion for reconsideration and, because Hawaii's rules do not provide for reconsideration of decisions

---

[3] Effective January 1, 2012, applications for certiorari of ICA judgments or dismissal orders entered after that date must be filed within thirty days of the judgment on appeal or order. *See* Haw. R. App. P. 40.1. Prior to the amendment, and for orders or judgments filed before January 1, 2012, an applicant was entitled to ninety days.

accepting or rejecting certiorari, denied it on September 17, 2012. *Id.; see also* Haw. R. App. P. 40.1(h). Despite this determination, Villados moved ten days later in the circuit court for reconsideration of the Hawaii Supreme Court's rejection of his petition for certiorari. *See* Ex. G, ECF No. 1-7. On June 5, 2013, the circuit court found that it lacked authority to review the Hawaii Supreme Court's decision and denied the motion.

Villados signed and mailed the present Petition on July 18, 2013, and it was filed on July 26, 2013. ECF No. 1. Villados raises two grounds for relief: The Hawaii Supreme Court committed plain error when it (1) rejected his petition for certiorari as untimely, without "determining his legal counsel of record;" (Ground One) and (2) failed to apply the prisoner "mailbox rule" to his petition for certiorari and to the State's opposition to that petition (Ground Two). *See* Pet., ECF No. 1, PageID #5, #10. Villados has not raised these issues in the Hawaii state courts. Villados asserts that he has filed a Rule 40 post-conviction petition in the circuit court alleging ineffective assistance of counsel, that he claims is pending and has not been assigned a docket number.[4]  *See* Pet., ECF No. 1, PageID #4, 5, 9, 12, 16.

---

[4] This alleged Rule 40 post-conviction petition has not been recorded on the Hawaii State Judiciary's Public Access to Court Information, as of the date of this order. *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki.

## II.  <u>LEGAL STANDARDS</u>

A federal court may only grant a petition for writ of habeas corpus if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A court may not grant a petition for writ of habeas corpus unless it appears that the applicant has exhausted the remedies available in the State courts or such remedies are unavailable or ineffective.  28 U.S.C. § 2254(b)(1).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the court to make a preliminary review of each petition for writ of habeas corpus.  The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition (1) specify all grounds for relief; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice pleading is not sufficient.  A petition must state facts that point to a real possibility of constitutional error.  Habeas Rule 4, Advisory Committee Notes (1976); *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)).  Vague, conclusory, or palpably incredible allegations may be summarily

dismissed. *Hendricks*, 908 F.2d at 491. "[T]he purpose of the heightened pleading standard in habeas cases is to help a district court weed out frivolous petitions before calling upon the State to answer". *Mayle v. Felix*, 545 U.S. 644, 669-70 (2005).

### III.  **DISCUSSION**

There are several obvious obstacles to relief for Villados.  First, his exhibits and statements show that his claims are wholly unexhausted and likely procedurally barred. Villados did not raise the issues presented here on direct appeal or in his untimely petition for certiorari.  Although he asserts that he raised an ineffective assistance of counsel claim in his allegedly pending Rule 40 petition, he raises no such claim here.[5]

It is also appears that the Petition is time-barred. *See* 28 U.S.C. § 2244(d)(1).  Villados' conviction became final on April 5, 2012, ninety days after judgment on appeal entered on January 4, 2012, and the time for seeking review in the United

---

[5] The Hawaii Supreme Court explicitly rejected Villados untimely application for lack of jurisdiction. *See* Exs. D & E, ECF Nos. 1-4 7 1-5.  Although he argued that counsel's refusal to file the certiorari application was an extraordinary circumstance excusing his late filing, this Court may presume the supreme court did not adjudicate this claim on its merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (stating that the presumption that a state court adjudicated a claim on its merits may be overcome when "there is reason to think some other explanation for the state court's decision is more likely")(citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

6

States Supreme Court expired.  *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).  Absent statutory or equitable tolling, the limitation period expired on **April 5, 2013**.  Villados' untimely petition for certiorari and his two rejected motions for reconsideration do not constitute "properly filed" post-conviction petitions so as to toll the statute under § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)"); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005) (stating, "'[p]roperly filed' means the petition's 'delivery and acceptance are in compliance with the applicable laws and rules governing filings in that state.'").  Based on his statements and the events presented in the Petition, it is also unlikely that Villados is entitled to equitable tolling.  *See Pace*, 544 U.S. at 418 (requiring an inmate to establish his diligence in pursuing his rights and that extraordinary circumstances prevented his timely filing of a federal petition).

The court need not decide these issues, however, because Villados fails to present a colorable federal question, and the court may deny an unexhausted petition on its merits if it fails to state a colorable claim for relief.  *See* 28 U.S.C. § 2254(b)(2) (holding that a court may deny habeas application on merits notwithstanding failure to exhaust); *Cassett v. Stewart*,

7

406 F.3d 614, 623-24 (9th Cir. 2005) (same); *Lambrix v.
Singletary*, 520 U.S. 518, 523 (1997) (holding that a habeas
court, in interests of judicial economy, may bypass asserted
procedural bar to consider claim on merits).

**A.    Ground One**

In Ground One, Villados alleges the Hawaii Supreme
Court erred by dismissing his certiorari petition as untimely
"without determining his legal counsel of record."   Pet., ECF No.
1, PageID #6.   To the extent Villados claims that the Hawaii
Supreme Court erred in determining that his application for
certiorari was untimely, he fails to state a claim.   A federal
writ is not available for alleged error in the interpretation or
application of state law.   *See* 28 U.S.C. § 2254(a) (limiting
habeas relief to violations of federal rights); *Wilson v.
Corcoran*, 562 U.S. ----, ----, 131 S. Ct. 13, 16 (2010); *Estelle
v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating, "it is not the
province of a federal habeas court to reexamine state-court
determinations on state-law questions").   Moreover, it is clear
that pursuant to Haw. R. App. P. 40.1(a)(1), which allows thirty
days to seek certiorari after entry of judgment, the petition was
untimely.

To the extent Villados asserts that the Hawaii Supreme
Court should have determined his appellate counsel was
ineffective for her refusal to seek certiorari and excuse his

untimely filing, or should have appointed him new counsel, he
also fails to state a claim.  Villados had a constitutional right
to the effective assistance of appellate counsel during his
direct appeal before the ICA.  *See Strickland v. Washington*, 466
U.S. 668 (1984).  That right to counsel does not extend to his
discretionary petition for certiorari to the Hawaii Supreme
Court, however.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555
(1987) (holding there is no constitutional right to counsel in
discretionary proceedings or habeas proceedings; stating, "the
right to appointed counsel extends to the first appeal of right,
and no further"); *Wainwright v. Torna*, 455 U.S. 586, 587–88
(1982) (no constitutional right to counsel when pursuing
discretionary state appeal); *Smith v. Idaho*, 392 F.3d 350, 356–57
(9th Cir. 2004) ("It is well-established that criminal defendants
have no constitutional right to counsel beyond their first appeal
as of right and hence no right to counsel in a discretionary
appeal to the State's highest court."); *Foster v. Garcia*, 2006 WL
3392750, at *27 (E.D. Cal. Nov. 21, 2006), *adopted*, 2007 WL
173770 (E.D. Cal. Jan. 19, 2007) ("Because the right to counsel
extends only to the first appeal of right, counsel was not and
could not have been ineffective for failing to file a petition
for review . . . [in] the California Supreme Court, as review by
that court is discretionary, to which no right of counsel
attaches. [citations]."); *accord Ellington v. Carey*, 2010 WL

2652284, at *17 (C.D. Cal. May 19, 2010), *adopted*, 2010 WL
2652282 (C.D. Cal. June 30, 2010).

Review of an ICA decision by the Hawaii Supreme Court
is entirely discretionary. *See* Haw. R. Stat. § 602-59(a); Haw.
R. App. P. 40.1(b). Nor is such review required to fully exhaust
a claim in Hawaii. *See* Haw. R. App. P. 40.3 ("an application for
writ of certiorari shall not be required to exhaust available
state remedies regarding a claim of error"). Villados does not
allege claims relating to his appellate counsel's representation
before the ICA, but only faults her failure to file a petition
for certiorari. He cannot predicate a claim of error against the
Hawaii Supreme Court, based on ineffective assistance of
appellate counsel that occurred after the ICA affirmed his
conviction. Villados's claim that counsel subsequently was
ineffective for failing to file a timely petition for review
fails to present a colorable federal question.

Ground One fails to state a colorable federal question
and is DENIED. *See* 28 U.S.C. § 2254(a) (federal habeas relief
may be granted "only on the ground that [petitioner] is in
custody in violation of the Constitution or laws or treaties of
the United States"); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198
(9th Cir.1983) (Rule 4 "explicitly allows a district court to
dismiss summarily the petition on the merits when no claim for
relief is stated").

**B.   Ground Two**

Villados alleges the Hawaii Supreme Court erred when it
failed to apply the prison mailbox rule to his application for
certiorari.  *See Houston v. Lack*, 487 U.S. 266, 271-76 (1988)
(holding that a federal habeas petition is deemed filed on the
date a pro se prisoner gives it to prison authorities for
mailing); *Setala v. J.C. Penney, Co.*, 97 Haw. 485, 485, 40 P.3d
886, 887 (Haw. 2002) (holding a notice of appeal is deemed filed
on the day it is tendered to prison officials by a pro se
prisoner).  Villados was required to file his certiorari
application on or before February 3, 2012, for it to be
considered timely.  *See* Ex. E, *Hawaii v. Villados*, No. SCWC-
30442, at 3 (Haw. Jul. 20, 2012), dissent, Acoba, J.  Whether the
supreme court considered June 12, 2012, the date Villados signed
and sent the application, or June  18, 2012, the date it was
filed in the with the court, as the operative date, the
application was untimely by more than four months.

To the extent Villados also complains that the State's
opposition to his certiorari application was "in default,"
because it was electronically filed on June 21, 2012, and that
the supreme court failed to apply the "mailbox rule" to its
filing, he is mistaken.  The prisoner mailbox rule does not apply
to non-prisoner pro se litigants and there was no error in
considering the State's pleading as of the date it was

electronically filed.  Ground Two fails to state a cognizable
claim for relief and is DENIED.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

The Court is required to issue or deny a certificate of
appealability when a final ruling on a habeas petition is
entered.  *See* Habeas Rule 11(a), foll. 28 U.S.C. § 2254.  The
statute provides that a certificate of appealability may issue
. . . only if the applicant has made a substantial showing of the
denial of a constitutional right, and the court must indicate
which issue or issues satisfy that standard.  28 U.S.C.
§ 2253(c).  A prisoner must demonstrate that reasonable jurists
would find this Court's assessment is debatable or wrong.  *See*
*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v.*
*McDaniel*, 529 U.S. 473, 484 (2000).  Villados's claims do not
meet this standard and a certificate of appealability is DENIED.

## V. <u>CONCLUSION</u>

The Petition fails to state cognizable a claim
warranting relief under 28 U.S.C. § 2254 and is DENIED.  A
certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 5, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Villados v. Thomas,* Civ. No. 13-00374 LEK/KSC; G:\docs\prose
attys\Habeas\DMP\2013\Villados 13-374 lek (dsm pet. R4, no merit).wpd